CHARLES W. GREEN *vs.* HENRY CLAY.

The plaintiff in an action of contract recovered a verdict of less than twenty dollars. The defendant relied both upon payment and an account in set-off. A question arose upon the taxation of costs whether the plaintiff's demand had been reduced below twenty dollars by payment or set-off. *Held,* that the judge in determining this question might decide upon the facts, as they appeared in evidence at the trial, without regard to statements contained in a former bill of exceptions signed by him for the purpose of presenting to this court other questions which arose at the trial of the case.

CONTRACT brought to recover compensation for sawing lumber at the plaintiff's mill. The date of the first and principal item in the account was April 20th 1863. The answer denied the making of any contract therefor with the plaintiff, and averred that the contract was made with one Jenkins, who had the use and occupation of the mill, and to whom the defendant had made payment, by work done for him, as stated in an account filed in set-off. A declaration in set-off was also filed, with items for services rendered and materials furnished, the principal part of which were earlier in date than April 20th 1863.

After the decision upon the principal question raised in this case, in 10 Allen, 90, the plaintiff claimed full costs, which the clerk disallowed ; and the plaintiff appealed.

At the hearing upon the appeal, the judge, for the purpose of etermining the question, referred to minutes of the evidence offered in the trial, and it appeared by that evidence that the plaintiff's claim was overbalanced by set-offs, which co~~ not have been proved in payment The judge ruled such evidence was competent, for the purpose of determining what the fact was as to such set-offs, in the absence of record evidence of the fact, and sustained the plaintiff's appeal, and directed that costs be taxed for him ; from which decision the defendant appealed

*C. P. Judd & E. A. Upton,* for the defendant.

*A. V. Lynde,* for the plaintiff.

CHAPMAN, J. The plaintiff's action was brought to recover the amount of a bill for sawing lumber, done for the defendant

at the plaintiff's mill, and being more than $20. His verdict is for $3.19. The defendant alleged that the sawing was done by one Henry Jenkins, and that the defendant paid him therefor by certain services, &c. The defendant also filed an account for the same services in set-off. If the plaintiff's demand was reduced below $20 by the allowance of the account in set-off, he is entitled to recover full costs; but if it was reduced by payments, he is not thus entitled. Gen. Sts. *c.* 156, §§ 5, 6.

When the principal case came before us, the question of costs was argued, but was not presented by the bill of exceptions. 10 Allen, 90. Taking the ruling of the presiding judge that the payments to Jenkins could not be allowed in set-off, but as payments only, in connection with the allegation of the defendant that the work charged in set-off was the same that was done for Jenkins, it would appear that the plaintiff's demand had been reduced by the payment, and not by the set-off. It was, indeed, stated in the report that a part of the labor was rendered to one Wiley when he was running the mill during the sickness of Jenkins, and the jury were instructed that labor furnished to Wiley, acting as the plaintiff's agent in running the mill, might be considered in set-off. But it appears by the report that Jenkins was to furnish all the labor for running the mill, and that the defendant supposed such to be the case; and there is nothing stated tending to show that Wiley worked in the mill as the plaintiff's agent and at his expense while Jenkins was sick, or that he employed the defendant to assist the plaintiff. The remark of the court as to costs was based on that view of the case.

The defendant now contends that the pleadings, verdict and bill of exceptions are conclusive on this point, and establish the fact that the plaintiff's claim was reduced by payments and not by set-off.

But the pleadings are not conclusive; for though the defendant's answer of payment alleges that the work was done for Jenkins, yet the answer in set-off charges it to the plaintiff, thus enabling the defendant to avail himself of it in either way, as his proof should be. Nor is the bill of exceptions conclusive for its statements were made for the mere purpose of presenting

certain questions to this court, as to which the plaintiff haɑ excepted to the rulings. In respect to a question not intended to be presented, its statements might properly be left defective. It seems that it was so in respect to the question of costs, and, on the taxation of costs, the presiding judge has referred to his minutes of the evidence, in order to satisfy himself whether the services were proved to be rendered as payment of the plaintiff's demand, or constituted a mere claim in set-off. We think he had a right to do this; for a question of fact was presented to him for decision, and, having presided at the trial, he might decide it upon his own recollection aided by his minutes. See *Robbins* v. *Sawyer*, 3 Gray, 375; *Holmes* v. *Leland*, 1 Gray, 625. It is evidence of as high a nature as the statements contained in a bill of exceptions; for such a document depends upon the recollection of the judge, aided by his minutes, and is often amended upon the same evidence.

*Taxation affirmed.*